UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                    Criminal No.  07-129 DSD/AJB

          Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

DUAN LAZARE GAINES,

          Defendant.

Erika R. Mozangue, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Andrea George, Esq., Assistant Federal Defender, for the defendant, Duan Lazare Gaines.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on May 22, 2007, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis,  MN 55415.  The court issued an Order on Motions dated June 11, 2007, reserving defendant Duan Lazare Gaines' motion to suppress evidence obtained by search and seizure [Docket No. 17], for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with the testimony of witnesses, an exhibit, and the written arguments of counsel, the magistrate judge makes the following:

**Findings**

Minneapolis Police Officer Michael Meath and his patrol partner, Officer John LaLuzerne, were dispatched to the area of 8th Street and Park Avenue in Minneapolis, Minnesota, at approximately 9:57 p.m. on the evening of January 5, 2007.  The street location is near the northeast

corner of Hennepin County Medical Center (HCMC) and the officers were at the scene within two to three minutes of the dispatch.  The police action was made in response to a citizen's report that a silver/gray automobile, license number RKV 156, was parked on Eighth street; the vehicle occupants were drinking alcohol and smoking drugs; there was a two-year-old child in the back seat of the car; and the driver had been observed putting a firearm into the trunk.  The vehicle was registered to defendant Gaines.

The officers drove to the location in a marked squad car, heading eastbound on Eighth Street.  The subject vehicle was parked at the meter closest to the intersection, consistent with the dispatch report.  The officers approached from behind, activated the police vehicle's red stop lights, and aimed a spotlight on the car.[1]  A total of four squad cars, and five officers, converged at the scene at roughly the same time.  In accordance with typical felony stop procedures, officers approached the subject vehicle with firearms drawn and pointed.  The determination to implement felony stop procedures was based upon officer safety considerations, in light of the report of a gun in the vehicle, though officers did not themselves see a gun and had not witnessed the commission of a criminal offense.  Officer LaLuzerne approached the driver's side of the subject vehicle.  Defendant Gaines was in the driver's seat and he appeared to be exiting the car as the officer neared.  At gunpoint Officer LaLuzerne ordered the defendant to get out of the vehicle and lay on the ground.  The defendant complied, whereupon Officer Johnson conducted a pat search, placed him in handcuffs, and put him in

---

[1] (Hearing Exh. No. 1).  The exhibit is a DVD recording from a mounted street camera located near HCMC.  The camera was aimed directly at the subject vehicle.  The recording commenced several minutes before police arrived and continued throughout the vehicle search.

the back seat of a squad car.  No weapons or drugs were found on the defendant's person.  Meanwhile, Officer Meath went to the passenger side of the vehicle.  Two adult passengers were instructed to get out of the vehicle.  They were then pat searched, put in handcuffs, and placed in squad cars.  Officer Meath found 26 small bags of marijuana, inside a larger bag, in the right front pants pocket of the front seat passenger, Isaac Hale.  No weapons were found on the persons of the adult passengers.  Mr. Hale was arrested and the other passenger was later released at the scene.

After defendant Gaines and the passengers had been secured and placed in squad cars, Officer LaLuzerne went into nearby HCMC to speak with the hospital security officer who had received the initial report from a 21-year-old female witness.  The witness was still at the hospital and she provided a statement to Officer LaLuzerne in which she indicated that she had encountered Mr. Hale and his son in a hallway at the hospital earlier in the evening and she had given Hale her phone number at that time.  The witness then left the HCMC area but was returning to the hospital later that night when she again saw Hale, who yelled at her from the parked vehicle.  The witness advised the officer that she made the report to hospital security because she had seen the child passenger, Mr. Hale's son, and had become concerned for the child's safety when she saw the driver get out of the car, remove a handgun from his waistband, and place the gun in the trunk, immediately behind the child in the back seat.  The witness provided her name and contact information.

After the car occupants had been removed from the vehicle officers observed an open beer container inside the car, and they proceeded to conduct a search of the passenger compartment of the subject vehicle.  They opened the trunk to continue the search, but were initially unable to find the firearm that had reportedly been placed there.  Upon communications with Officer LaLuzerne, who

was speaking with the witness at the time, Meath was advised that the weapon was concealed in a specified part of the trunk, hidden by carpet. Sgt. Christiansen found a loaded .44 caliber revolver with a long silver barrel as reported. The gun was subsequently found to be stolen. Officers remained on the scene for approximately 45 to 60 minutes during which significant time was devoted to finding accommodations for the child passenger.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**<u>Conclusions</u>**

A handgun that was seized in the course of a search of the trunk of defendant's automobile was discovered in the course of a lawful investigative search. The firearm was not seized in violation of defendant Duan Gaines' Fourth Amendment right to be protected from unreasonable search and seizure, and suppression of the evidence is not required.

Defendant Gaines argues that the firearm should be suppressed because the trunk search exceeded that which is permissible under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), and the stop escalated into an arrest which was not supported by probable cause. Consequently, the trunk search could not be justified as a search incident to arrest. In addition, defendant contends that officers did not have probable cause to believe that a crime had been committed so as justify the trunk search under the automobile exception to the warrant requirement. The government, on the other hand, insists that the investigative stop and detention here did not exceed the limits of a <u>Terry</u> stop and that the search as conducted by law enforcement officers was a lawful investigatory search under the particular circumstances of this case. In the alternative, the United States asserts that if the court were to construe defendant's detention as an arrest, such arrest was supported by probable cause, i.e. the informant's

corroborated report, and the trunk search was therefore justified under the automobile exception.

Defendant Duan Gaines, as well as passenger Isaac Hales, were lawfully subjected to an investigative stop and detention based upon reasonable suspicion that the occupants of the vehicle were engaged in criminal activity. Reasonable suspicion existed under a totality of circumstances such that an identified and available eyewitness reported that the occupants of a specifically identified vehicle were drinking alcohol and smoking dope in the car, and the witness had observed the driver take a handgun out from his waistband and conceal the weapon in the trunk. Moreover, the eyewitness report described the situation in some detail, and the circumstances were corroborated by officers' observations regarding the vehicle location and its occupants. See United States v. Ross, 456 U.S. 798, 800, 102 S.Ct. 2157 (1982)(officers acting on informant tip that individual was selling drugs from trunk of car parked at specific location), see also United States ex rel Rigsbee v. Parkinson, 407 F.Supp. 1019, 1023 (D.C.S.D. 1974)(discussing reliability of informer tip). The actions by officers in this instance, including approaching the vehicle with guns drawn, ordering vehicle occupants out of the car, putting them on the ground and conducting pat searches, handcuffing the subjects, and placing them in squad cars, were not in excess of the permissible scope an investigative stop under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868 (1968). United States v. Navarrete-Barron, 192 F.3d 786, 790-91 (8th Cir. 1999). The officers' reasonable suspicion of criminal activity further justified a search of the passenger compartment of the vehicle whether the occupants were removed from the car or not. Id. (citing United States v. Cummins, 920 F.2d 498, 502 (8th Cir. 1990)).

It is of little significance whether either defendant Duan Gaines or passenger Isaac Hale were under arrest during the vehicle search under consideration here. Pursuant to a lawful pat search of

Mr. Hale officers discovered marijuana which corroborated the informer's report that the vehicle occupants were smoking drugs. The lawful interior compartment search, resulting in discovery of a beer can, corroborated the eyewitness's report that the occupants were drinking alcohol in the vehicle, and the presence of the young child in the back seat was consistent with the witness's report in that respect. Under circumstances whereby officers had a wholly verified and corroborated report of criminal activity from an identified and available eyewitness, and the witness further indicated that she had seen the vehicle driver, defendant Gaines, take the weapon from his waistband and put it in the trunk, probable cause existed to justify a search of every part of the vehicle, including the trunk, wherein the object of the search, i.e. the gun, might be concealed. United States v. Dawdy, 46 F.3d 1427, 1430 (8th Cir. 1995)(citing United States v. Ross, 456 U.S. 798, 800, 102 S.Ct. 2157 (1982)).

With respect to defendant's contention that possession of the firearm is not in itself unlawful, and the gun was therefore not known to be contraband, the government correctly notes that possession of an uncased firearm in the interior of a motor vehicle is unlawful under Minn. Stat. §97B.045. The defendant was observed getting out of the car and pulling the gun from his waistband, thereby establishing probable cause to believe that the gun was uncased and in the interior compartment of the vehicle. Furthermore, even though officers had not ascertained whether or not the reported firearm was contraband, the probable cause standard to justify the trunk search was met as the result of a "practical, nontechnical" probability that criminal evidence was involved. Dawdy, 46 F.3d at 1430 (citing Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543 (1983)).[2] This probability was

---

[2] "As the Court frequently has remarked, probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable

further reinforced by the discovery of 26 separate packets of marijuana, i.e. evidence of drug trafficking, during the pat search of passenger Isaac Hale. The search of the vehicle trunk in this instance was supported by probable cause to believe that the trunk contained contraband or evidence of crime and seizure of the gun found therein was not unlawful.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Duan Lazare Gaines's Motion to Suppress Evidence Obtained as a Result of Searches and Seizure be **denied** [Docket No. 17].

Dated:     June 20, 2007

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 6, 2007.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to

---

caution in the belief,' Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of crime; it does not demand any showing that such a belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required." Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543 (1983)(citations omitted).

review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.